# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)  Case No. 09-20046-4-CM
v. )
)
)
FREDERICO RAMSEY, )
)
    Defendant. )
)

## ORDER

This matter comes before the court on defendant's Motion for Transcripts in Relation to the Petitioner's Trial, Sentencing, Grand Jury, and Proceeding in Connection with the Petitioner's Case Pursuant to 18 U.S.C. § 3006A(e). Defendant requests a free copy of his transcripts from trial, sentencing, Grand Jury proceedings, and all other preliminary/pretrial proceedings in relation to his case. For the reasons set out below, the court denies his motion.

Pursuant to 28 U.S.C. § 753(f), defendant is entitled to a free copy of a hearing transcript if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *See United States v. Cline*, Nos. 04-3400-SAC, 00-40024-03-SAC, 2007 WL 2071762, at *2 (D. Kan. July 18, 2007) (quoting *Brown v. N. M. Dist. Court Clerks*, No. 97-2044, 1998 WL 123064, at *3 n.1 (10th Cir. Mar 19, 1998)) (citing *United States v. MacCollom*, 426 U.S. 317 (1976)). Defendant does not have the right to a free transcript simply out of desire to search the record for errors. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (citing *MacCollom*, 426 U.S. at 326–27). Defendant must show a

particularized need for copies of the transcripts. *United States v. Bennett*, No. 06-20056-10-KHV, 2009 WL 3644920, at *1 (D. Kan. Oct. 30, 2009) (citing *United States v. Sistrunk*, 992 F.2d 258, 260 (10th Cir. 1993)). However, the court may authorize defendant's attorney to provide copies of any transcripts to defendant at his own expense. *United States v. Lacey*, No. 89-20054-01-SAC, 1999 WL 316904, at *2 (D. Kan. Apr. 14, 1999) (authorizing defendant's attorney to provide copies of transcripts to defendant if defendant's attorney possessed them).

Defendant filed this motion *pro se*, yet is currently represented by counsel on appeal with the Tenth Circuit. Defendant requests a free copy of the transcripts because they are "reasonably necessary for the petitioner to represent an effective defense as to different phases of his case at this direct appeal juncture[] of his case." (Doc. 715, at 1–2.) On appeal, defendant's attorney ordered the following transcripts as part of the appeal record: August 30, 2010 Competency Hearing; September 21, 2010 Hearing on Motion to Withdraw; November 29, 2010 Jury Trial Proceedings; and December 16, 2010 Jury Trial Proceedings. (Doc. 647.) Further, defendant's counsel specifically requested a copy of the trial proceedings, jury instructions, post-trial motions and instruction conference from the trial. (Doc. 604.) There is nothing on the docket sheet indicating that his counsel ordered a copy of the transcript from his sentencing hearing, Grand Jury proceedings or preliminary/pretrial proceedings for the appeal process. Had defendant's counsel believed the additional transcripts were necessary for his appeal, the court assumes that counsel would have ordered them.

The court has authorization to deny defendant's *pro se* motion because he is currently represented by counsel on appeal. *United States v. Sandoval-DeLao*, 283 F. App'x 621, 625 (10th Cir. 2008); *United States v. Castellon*, 218 F. App'x 775, 780 (10th Cir. 2007) (noting defendant was

represented by counsel at the time he filed motions and did not accept his *pro se* filings). Because defendant specifically requests these transcripts to aid in his appeal, and is currently represented by counsel on appeal, the court denies defendant's request. The court does authorize, however, defendant's appellate attorney to provide copies of any transcripts he has ordered to defendant at his own expense. *Lacey*, 1999 WL 316904 at *2. If it becomes appropriate in the future for petitioner to request a copy of transcripts from court proceedings, he may file a motion at that time.

**IT IS THEREFORE ORDERED** that defendant's Motion for Transcripts in Relation to the Petitioner's Trial, Sentencing, Grand Jury, and Proceeding in Connection with the Petitioner's Case Pursuant to 18 U.S.C. § 3006A(e) is denied without prejudice.

Dated this 27th day of March, 2012 at Kansas City, Kansas.

      **s/ Carlos Murguia**
      **CARLOS MURGUIA**
      **United States District Judge**